

**FILED**

**Margaret Botkins**
**Clerk of Court**

4:11 pm, 4/3/24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No.  L:23-PO-00382-KHR |
| PETER A S SMITH, | |
| Defendant. | |

AMENDED ORDER ON MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by the Defendant, Peter Smith, through counsel. ECF No. 23. The Motion is requesting dismissal of violation notice 9127024, citing the Defendant for "operating or using aircraft on lands or waters other than at locations designated pursuant to special regulations." ECF Nos. 1, 23; 36 CFR §2.17(a)(1). The government filed its Response in opposition to the Motion. ECF No. 27. On March 13, 2024, a Motion Hearing was held via Zoom and both parties made their oral arguments before the Court.

Based on the Court's findings below, the Motion is hereby DENIED.

### BACKGROUND

On June 24, 2023 at approximately 3:08 PM, Colter Bay Rangers were notified "of an illegally landed helicopter at the base of Moran Creek in Moran Bay." ECF No. 1. According to the probable cause statement, Rangers G'Sell and Cardenas responded and found "a Eurocopter Helicopter (N708SD) . . . [with] two individuals outside the helicopter." *Id*. After contacting the Defendant, the Rangers informed him that he had landed within Grand Teton National Park

[hereinafter, "Park"]. The Defendant informed officers he believed he had landed outside the Park and did not "mention that his . . . landing was due to an emergency." *Id*.

The Defendant was cited with two violation notices: 9127024—36 CFR §2.17(a)(1) Operating aircraft on lands/waters other than designated areas; and 9127025—36 CFR §2.17(d) Failure to comply with Federal Aviation Administration [FAA] regulations (i.e. having physical possession of a pilot certificate or making it readily accessible in the aircraft). *Id*.; ECF No. 3.

### MOTION PRESENTED

In the Motion, the Defendant asserts the weather conditions were adverse when his aircraft landed within the Park. ECF No. 23 at 2-3. Relying on a lack of weather reports provided in discovery by the government, he claims the landing of the helicopter was within his right as the pilot; and therefore, he *cannot* be prosecuted under 36 CFR §2.17(a)(1). *Id*. at 4. The Defendant further asserts there is no proof he was piloting the helicopter, nor is there proof that 36 CFR §2.17(b) does not apply. *Id*. at 5-6. The argument then switches course and states the Defendant cannot be prosecuted under 36 CFR §2.17(a)(1), because the FAA circumvents any criminal prosecution since it promulgates the regulations for all pilots and gives "final authority as to, the operation of that aircraft." ECF No. 23 at 6. The Defendant claims that criminal prosecution cannot not interfere with the FAA's regulations or protections, and his charge under 36 CFR §2.17 is improper. Furthermore, the Defendant argues the government is not able to challenge his judgment (as the pilot) since the FAA is not challenging his decision to land due to weather—and therefore, if the administrative agency is choosing not to pursue review of the Defendant's decision, then the government's prosecution fails. Finally, the Defendant purports to provide a distinction between

the verbiage "used" and "operated" for an aircraft and what violations were witnessed by the rangers. ECF No. 23 at 6; ECF No. 27 at 2.

The Motion provides the Defendant's own version of the facts, including an affidavit purportedly written by the Defendant's expert witness—using language describing the Defendant's experience as the pilot while in flight on June 24, 2023. It is important to note, the expert witness was not with the Defendant when contacted by the Rangers, nor does the expert claim to have flown with the Defendant on June 24, 2023. The *Facts*, *Analysis*, and sworn statement in the Motion contradict most of the probable cause statement written by Ranger Cardenas.

The government opposes the Motion, and points to *U.S. v. Glas*, L:23-po-00423, which considered 36 CFR §2.17(b). The court in *Glas* determined 36 CFR §2.17(b) is an affirmative defense and shall be treated as such at trial. *See U.S. v. Glas*, L:23-po-00423, *Findings of Fact and Conclusions of Law* ECF No. 14, (D. Wyo. Nov. 21, 2023).

> [T]he exception within the code the [d]efendant is relying on is an affirmative defense and must be properly raised and proven by the [d]efendant by a preponderance of the evidence because subsection (b) does not negate the elements of the charge itself, rather it is a justification or excuse for the conduct by the [d]efendant. *See Smith v. U.S.*, 568 U.S. 106, 110 (2013) (Where a defense excuses conduct that would otherwise be punishable, but does not put into question any of the elements of the offense itself, the burden is allocated to the defendant (citations and quotations omitted)). If proven by the defendant, the government may rebut.
>
> The question of how to prove the exceptions within a statute falls squarely on the [d]efendant [at trial]. *See U.S. v. Basnett*, 735 F.3d 1255, 1257 (10th Cir. 2013); *Rosemond v. U.S.*, 572 U.S. 65, 91 (2014). "The usual rule that a defendant bears the burden of proving affirmative defenses is justified by a compelling, commonsense intuition: Where the facts with regard to an issue lie peculiarly in the knowledge of a party, that party is best situated to bear the burden of proof." *Id*. (quoting *Smith v. U.S.*, 568 U.S. 106, 112 (2013) and *Dixon v. U.S.*, 548 U.S. 1, 9 (2006)).

*Id. Findings of Fact and Conclusions of Law* ECF No. 14, at 3. The government further argues the FAA does not regulate credibility of a witness, nor does the FAA control the dictates of criminal proceedings. Further, the prosecution maintains that the Motion is improper in how it presents the facts, is procedurally improper for criminal matters, and dismissal of the charge is improper until the government is given the opportunity to prove its case.

### RULING OF THE COURT

In *U.S. v. Portillo-Madrid*, 292 Fed. Appx 746 (10th Cir. 2008), the Tenth Circuit Court of Appeals noted, "A defendant must carry his burden on each of the elements [of an affirmative defense]; if the evidence is insufficient on even one element, the *trial court* [or] jury need not be burdened with testimony supporting other elements of the defense." *Id.* at 749 (emphasis added) (quoting *U.S. v. Portillo-Vega*, 478 F.3d 1194, 1197-98 (10th Cir. 2007); *and U.S. v. Bailey*, 444 U.S. 394, 416 (1980)). The Defendant's proof of his facts are his own words sworn to by his own expert witness. The very essence of the Motion is a contradiction to the rule of law, who the fact finder is in a criminal prosecution, and how criminal cases proceed. In misdemeanor cases, with the trial court being the finder of fact, it is not appropriate for a dismissal to be based on facts sworn to by an individual that was not even present at the time of the offense, nor is it appropriate to argue the helicopter miraculously appeared in a National Park.

Proscribing the FAA as the authoritarian of all criminal and administrative transactions regulating aircraft landing locations and criminal prosecutions of pilots contradicts the Supreme Court's ruling in *Hudson v. U.S.*, 522 U.S. 93, 95-96 (1997) (holding administrative proceedings are civil, not criminal in nature, and do not violate the Double Jeopardy Clause of the Fifth Amendment). *See also Gustafson v. City of Lake Angelus*, 76 F.3d 778, 786 (6th Cir. 1996) (the FAA, nor Congress, has ever expressed or implied that the FAA dictates and preempts regulations

dealing with where aircrafts are allowed to land); *and Cloyd v. McNeil*, No. 07-22339-CIV, 2010 U.S. Dist. LEXIS 21700, at *13 (S.D. Fla. Jan. 21, 2010) (regulations promulgated by the FAA do not preempt general criminal statutes).

It is within the government's right to criminally prosecute an individual that violates federal law. *Wayte v. U.S.*, 470 U.S. 598 (1985) ("In our criminal justice system, the [g]overnment retains 'broad discretion' as to whom to prosecute." (citing *U.S. v. Goodwin*, 457 U.S. 368, 380, n. 11 (1982); and *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 248 (1980))). Any argument forcing the government to drop criminal charges because an administrative agency has chosen not to pursue review fails. The circumstances and facts surrounding this case shall be determined at the time of trial and not before.

## CONCLUSION

THEREFORE, based on the reasoning above, IT IS HEREBY ORDERED that the Motion to Dismiss is hereby DENIED with prejudice.

Dated this 3rd day of April, 2024.

KELLY RANKIN
United States District Judge