

FILED

4:09 pm, 4/3/24

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No.  L:23-PO-00382-KHR |
| PETER A S SMITH | |
| Defendant. | |

OMNIBUS ORDER ON MOTIONS IN LIMINE and
GOVERNMENT'S MOTION TO EXCLUDE EXPERT WITNESS TESTIMONY OF
MARK WARREN [ECF Nos. 17, 31, 35]

This matter is before the Court on Defendant's Motion In Limine [ECF No. 31], Government's Motion In Limine [ECF No. 35], and Government's Motion to Exclude Expert Witnesses Testimony of Mark Warren [ECF No. 17]. The Court, having carefully considered the Motions, any oral arguments made at the Motion Hearing on March 13, 2024, and being otherwise fully advised, FINDS:

### BACKGROUND

On June 24, 2023 at approximately 3:08 PM, Colter Bay Rangers were notified "of an illegally landed helicopter at the base of Moran Creek in Moran Bay." ECF No. 1. According to the probable cause statement, Rangers G'Sell and Cardenas responded and found "a Eurocopter Helicopter (N708SD) . . . [with] two individuals outside the helicopter." *Id*. After contacting Defendant, the Rangers informed him that he had landed within Grand Teton National Park [hereinafter, "Park"]. Defendant believed he landed outside the Park and did not "mention that his . . . landing was due to an emergency." *Id*.

Defendant was cited with two violation notices: 9127024—36 CFR §2.17(a)(1) Operating aircraft on lands or waters other than designated areas; and 9127025—36 CFR §2.17(d) Failure to comply with Federal Aviation Administration [FAA] regulations, more specifically failure to have a pilot's certificate in that person's physical possession or readily accessible in the aircraft when exercising the privileges of that pilot certificate or authorization (i.e. Federal Aviation Regulation 61.3(a)). *Id.*; ECF No. 3.

## RELEVANT LAW

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1109 (9th ed. 2009). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio

2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### RULING OF THE COURT

*Defendant's Motion In Limine [ECF No. 31]*

Defendant's Motion in Limine [ECF No. 31] seeks to preclude any testimony, evidence, or argument about the weather—based on the government not providing weather reports in its initial discovery. Defendant asserts the government should not be permitted to present any weather information because the government failed to provide weather reports after he filed his Motion for Bill of Particulars [ECF No. 6], which Defendant claims, is a direct contradiction to disclosure requirements for the government and is a *Brady v. Maryland* violation. Defendant also argues that the location of the alleged crime is a distance from the weather sources the government expert witness relies on in his report, and is incongruent with the weather Defendant experienced as the pilot. Lastly, Defendant contends there is zero

3

relevance for the weather testimony the government expert witness will provide, therefore all weather discussion should be restricted for the government.

The government states there was nothing weather related in the exclusive control of the government at the time of the offense or at the time the Motion for Bill of Particulars was filed; nor did the government preclude Defendant from gathering the weather information that was and is publicly available for the area of and around Moran Bay. Referencing Defendant's Motion for Bill of Particulars, which was denied by the court, and Federal Rules of Criminal Procedure 16(a)(1)(E) and (a)(1)(G), the government argues it provided the information necessary to comply with its discovery obligations. Further, the government provided proper notice of its own expert witnesses, and provided the discovery required for expert witness reports, including detailed weather reports from the surrounding area. As the government maintains, only after being placed on notice about Defendant arguing weather caused him to emergency land in the Park, did the government obtained its own expert witness meteorologist to rebut Defendant's claim.

**Ruling:** The Court finds weather information to be pertinent and relevant to the case at hand. As presented in numerous filings from Defendant, he is presenting an affirmative defense for the 36 CFR §2.17(a)(1) charge. Under 36 CFR §2.17(b), Defendant must present the elements of an emergency landing exemption, which could include information on the weather. If the Court were to limit the government from presenting *anything* weather related, then it would need to limit the presentation of weather for both parties since the Court does not find a discovery violation, *infra*. Limiting weather reports would frustrate the proceedings and limit Defendant's right to defend himself.

Furthermore, any argument of a *Brady* or Federal Rules of Criminal Procedure discovery violation misconstrues the requirements of what the government must provide in discovery. *Brady v. Maryland*, 373 U.S. 83 (1963) (holding suppression of favorable evidence by the government when requested by the accused violates due process where the evidence is material, "irrespective of the good faith or bad faith of the prosecution." *Id.* at 87.). "The Constitution does not require the prosecutor to share all useful information with the defendant." *U.S. v. Ruiz*, 536 U.S. 622, 629 (2002) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case")). Nor does the Federal Rules of Criminal Procedure Rule 16(a) require the government to disclose *all* documents, objects, items, or as here, publicly available weather reports. Fed. R. Crim. P. 16(a). Rule 16, subsection (a), only requires disclosure of certain items "*within the government's possession, custody, or control.*" Fed. R. Crim. P. 16(a)(1)(E), emphasis added. As analyzed in *U.S. v. Combs*, 267 F.3d 1167, 1175 (10th Cir. 2001), the duty for the government to actively search for *Brady* material shall only involve files maintained by branches of government that fall within the purview of prosecution. *Id.* (citing *U.S. v. Brooks*, 966 F.2d 1500, 1500-04 (D.C. Cir. 1992). Although *Combs* dealt with a Pretrial Services Report, and the Tenth Circuit decided to not address whether Pretrial Services fell within the prosecution's team, it can be instructive for this specific matter. Weather reports *are not* within a prosecution's purview, so any argument for a *Brady* violation or other discovery violation under the Federal Rules of Criminal Procedure fails. The argument of relevancy for weather reports and location relevancy may be raised at trial, when or if the government chooses to call the expert meteorologist witness.

*Government's Motions In Limine [ECF No. 35]; and*
*Motion to Exclude Expert Witness [ECF No. 17]*

The Government's Motion in Limine [ECF No. 35] is distinctly similar, if not the same, as the Government's Motion to Exclude Expert Witness Testimony of Mark Warren [ECF No. 17]. Therefore, the Court will address both motions within this part of the Order.

In the Motions to exclude Mark Warren as an expert witness, the government seeks to preclude any testimony or evidence presented regarding Mr. Warren's statements "related to legal assertions or analysis of domestic law and providing testimony related to the credibility or veracity of any party or to vouch for the credibility of . . . Defendant or any witness." ECF No. 35 at 1. More specifically, the government argues any testimony offered regarding FAA regulations is not permitted based on the role the court holds in judicial proceedings. It is not an expert's role to tell the court what federal regulations apply, or how they are interpreted, rather that is the role of the court. Further, the government points to the expert witness Notice provided by Defendant for Mr. Warren, the statements within the Notice focusing on bolstering Defendant's version of facts, dictating how the court should interpret FAA regulations in relation to Defendant's version of facts, and the lack of proper disclosure of expert opinions or reports. ECF No. 17 at 4-5.

Defendant rejects the government's arguments and asserts that Mr. Warren has an extensive background in FAA regulations and will "not provide testimony analyzing the law" or attempt to bolster witness credibility. ECF No. 37 at 2. Rather, Defendant argues the testimony of Mr. Warren is to provide the trial court with what FAA regulations should apply

to Defendant, and how Defendant handled his emergency encounter on June 24, 2023.[1]

Further, Defendant states "[t]he purpose of the expert opinion testimony offered by M[r.] Warren is to foster an understanding of the complexities of flying in inclement weather and the risks that develop when that happens." *Id.* at 3. Defendant also argues that there is no basis for limiting Mr. Warren's testimony since he will only be "stating [what FAA regulations] exist and what they are." *Id.* Finally, Defendant contends the missing signature or other procedural misstep in the Notice were simply overlooked and should not impact the testimony or qualifications of Mr. Warren as an expert.

**Ruling:**. This Court agrees with the government's concern regarding Mr. Warren's willingness to attempt to bolster Defendant's credibility regarding the emergency landing of Defendant's helicopter within the Park. As witnessed in the affidavit attached to Defendant's Motion to Dismiss [ECF No. 23-2] and the Notice of Intent to Offer Expert Testimony [ECF No. 12], Mr. Warren has already indicated a willingness to go beyond the constraints of what an expert witness should attest to. The Court will not permit Mr. Warren's testimony if it follows what his affidavit proposed as his "factual knowledge" and bolstering of Defendant's factual scenario. Mr. Warren was not present in the Park when Rangers contacted Defendant, nor was he in the aircraft when Defendant flew his helicopter on June 24, 2023.[2] The trier of

---

[1] At the time of trial, Defendant shall use the correct date regarding the date of the alleged offense, June 24, 2023, unless Defendant wishes to contradict the government's facts including date of the offense. *See December 14, 2023 Order*, ECF No. 26. Defendant's Notice of expert witness [ECF No. 12] was prior to the date when the Court amended the date of the offense, but even in subsequent filings by Defendant, he continues to misstate the date of the alleged offense.

[2] Mr. Warren's non-presence in the Park is based on the Probable Cause Statements attached to the charging documents, and the failure to mention the presence of a Mr. Warren within. The Probable Cause Statements referenced the presence of one other individual with Defendant at the time of contact, Savanah D. Perdue.

fact is the Court, and the Court shall make the determination of the facts—without the bolstering of a witnesses' credibility.

Further, the government was correct that:

> The insufficiency of Defendant's disclosure is apparent on the face of [the expert witness] Notice—it contains few details of Mr. Warren's opinions to be elicited, no facts [or] data relied upon, and it is devoid of the principles and methods used to reach the undisclosed conclusions. While there is a general list of items reviewed, their contents are neither described nor applied to the generalized legal opinions of the expert. The Notice is lacking and fails to provide adherence to Rule 16(b)(1)(C), and it is insufficient to put the government on notice of what the witness will testify to, the opinions he holds, and whether such are the product of true expertise and reliable application of principles used in the field.

ECF No. 17 at 5-6. The Court notes, if the conclusory statements in the Notice are indicative of Mr. Warren's testimony, then his testimony is improper. (i.e. "There was no violation of FAA regulations due to the conduct of the pilot, Peter Smith, on June 23, 2023." [*sic*])

This Court makes the final decision on whether Defendant violated any FAA regulations, especially since one of the charges in this case deal with this exact question. The Court will allow Mr. Warren to testify, but on a very limited basis and the Court will be quick to admonish Defendant if he attempts to present improper testimony. Mr. Warren's testimony shall be constrained to the hypothetical scenario, his expertise as a pilot, and will not include *how* the FAA regulations *should be applied* in this case, nor shall he testify to facts that he was not witness to. Federal Rules of Criminal Procedure Rule 16(b)(1)(C) will dictate much of this Court's decision making on whether the testimony is permissible, and the Court will require a good faith proffer from counsel if testimony bleeds into improper areas.

NOW, THEREFORE, IT IS ORDERED Defendant's Motion in Limine [ECF No. 31] regarding the restriction on weather is DENIED. Weather reports and the testimony of an expert witness meteorologist are relevant to the case and may be utilized at trial. Defendant may raise the issue of weather report locations utilized in the expert witness's testimony at the time of trial.

IT IS FUTHER ORDERED Government's Motion to Exclude Witness Testimony of Mark Warren [ECF No. 17] and Motion in Limine [ECF No. 35] is GRANTED in part and DENIED in part. The Court will allow Mr. Warren to testify as an expert witness, after he presents his qualifications on the stand. Further, Defendant shall *not* garner improper testimony from Mr. Warren when he is on the stand; this includes bolstering of the facts or testimony of another witness. Nor will the Court allow Mr. Warren to testify regarding FAA regulations or how the regulations *should be applied to this case* or how the Court *should rule*.

Dated this 3rd day of April, 2024.

_____
Kelly H. Rankin
United States District Judge